**C.R. SUGGS, Plaintiff,**

v.

**Dwight ANDREWS and David Vandiver, Defendants.**

**No. EC88–219–B–D.**

United States District Court, N.D. Mississippi, E.D.

Aug. 10, 1989.

Jim Waide, Tupelo, Miss., for plaintiff.

Bobby R. Long, Miss. State Tax Com'n, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The court has before it the defendants' motion for summary judgment. Having read the parties' memoranda and exhibits, the court is in a position to rule on the merits.

The plaintiff is a self-professed "bootlegger" who sells liquor in Monroe County, Mississippi, a dry county. Selling liquor in a dry county violates Mississippi law. Miss.Code Ann. § 67–1–1, *et seq.* (Supp. 1988). The plaintiff brought this suit because he believes the defendants, agents of Mississippi's Alcohol Beverage Commission (ABC), raided him for selling liquor in a dry county while allowing the Monroe County Country Club to sell liquor. The ABC agents raided him twenty-five times in eight years while the country club has been raided four times, twice after plaintiff filed this suit.

Since the plaintiff has the burden of proving his claim of selective prosecution, he must make a sufficient showing to establish the existence of each element of his claim in order to survive the defendants' motion for summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986).

To prove a claim for selective prosecution, the plaintiff:

> bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. These two essential elements are sometimes referred to as "intentional and purposeful discrimination."

*United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974) (adopted in *United States v. Johnson,* 577 F.2d 1304 (5th Cir. 1978)).

The defendants concede that they prosecuted the plaintiff for violation of the liquor laws on numerous occasions and only raided the country club four times. The defendants claim they did not know the country club sold liquor until March 27, 1986. They also explain that they had difficulty securing evidence to obtain a warrant to raid the country club because it is a private club, while they could easily obtain evidence against the plaintiff since he sold liquor openly. At most, the defendants' assertions dispute the plaintiff's claim that the country club was similarly situated because it operated an illegal liquor business. Thus, there is an issue of fact as to the first element of the plaintiff's claim.

There remains, however, the issue of whether the plaintiff was prosecuted in bad faith. As the court noted, bad faith is shown when the prosecution is brought due to the plaintiff's race, religion or because

**698**

of a desire to curb the exercise of the plaintiff's constitutional rights. *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir.1974). The plaintiff is a white male who sells liquor in a dry county. He had no constitutional right to sell liquor in a dry county and his customers had no right to purchase liquor from the plaintiff, regardless of their race. The plaintiff, however, rests his claim on his assertion that he was prosecuted because of the race of his customers. Thus, the plaintiff's claim for selective prosecution depends upon his standing to assert the right of his customers.

■ Courts do not adjudicate the rights of third parties unnecessarily. *Singleton v. Wulff,* 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). A vendor has no standing to assert the rights of his customers when his relationship with his customers is simply fortuitous. Instead, the relationship must be one in which the vendor seeks to protect the rights of his customers who cannot effectively assert their own rights. *Eisenstadt v. Baird,* 405 U.S. 438, 445, 92 S.Ct. 1029, 1034, 31 L.Ed.2d 349, 357 (1972). "[M]ore important than the nature of the relationship between the litigant and those whose rights he seeks to assert is the impact of the litigation on the third party interests." *Id.* 92 S.Ct. at 1035, 31 L.Ed.2d at 358.

The plaintiff conceded in his deposition that he sold liquor to anyone, including some white and some black people. Consequently, the relationship between the plaintiff and his customers is fortuitous. Additionally, the plaintiff's prosecution affected all his customers, regardless of their race. There is no evidence which could reasonably infer that the defendants prosecuted the plaintiff due to the race of his customers. As a result, the plaintiff has failed to present evidence which could establish the defendants prosecuted him in bad faith and the defendants' motion for summary judgment will be granted.

An order will issue accordingly.